No. 18,848.

CLARENCE SMITH, a Minor, etc., *Appellant*, v. JOHN H. BEASLEY et al., Partners, etc., *Appellees.*

### HEADNOTE BY THE REPORTER.

PERSONAL INJURIES—*Fall from Roof—No Negligence Shown.* Where the evidence showed that a boy 18 years old, working on a house roof, fell over a fire wall 18 inches high to the ground below, and that the danger was open to common observation, and was as fully known to him as to the defendants, no negligence on the defendant's part was shown, and the demurrer to the evidence was rightly sustained.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed May 9, 1914. Affirmed.

*A. B. Keller, George R. Malcolm,* and *C. S. Denison,* all of Pittsburg, for the appellant.

*B. S. Gaitskill,* of Girard, and *J. J. Campbell,* of Pittsburg, for the appellees.

*Per Curiam:* The plaintiff was in the employ of defendants, who were engaged in repairing a roof on a two-story building. He had worked for them on two other buildings and had been at work on this roof about two days prior to his injury. He was past eighteen years of age, a young man of more than average intelligence. His duties required him to take a roll of paper, which he held with a stick through the center of the roll, and to walk backwards from a point about midway of the roof to the east end. Another employee held the other end of the paper, walking backwards in the opposite direction, and the paper was thus unrolled. At the east end of the roof there was a fire wall eighteen inches high. The plaintiff knew the fire wall was there; that it was twenty-five or thirty feet to the alley below, and that there was nothing to prevent his falling over this eighteen-inch wall if he became overbalanced. He walked backwards with the roll of paper without look-

ing to see how near he was to the edge of the roof, and continued walking until he struck the fire wall, fell over it to the ground, and was injured. The danger was open to common observation and was as fully known to him as it was to the defendants. His own evidence showed that he was fully capable of knowing and measuring the risk of his employment, and that his injury was caused solely by his failure to take ordinary care to protect himself from an obvious and apparent danger. No negligence was shown on the part of the defendants. All that the court could do was to sustain the demurrer.

The judgment is affirmed.